United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

PAMELA C. McCAFFERY,

Petitioner,

v.

GLORIA HENRY, Warden,

Respondent.

No. C 06-3832 CW (PR)

ORDER GRANTING RESPONDENT'S MOTION TO DISMISS

(Docket nos. 20, 24)

Petitioner Pamela C. McCaffery, a state prisoner incarcerated at the Valley State Prison for Women, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In response to the Court's Order to Show Cause, Respondent Gloria Henry[1] moves to dismiss Petitioner's habeas petition as untimely. Petitioner opposes the motion.[2] Respondent filed a reply to the opposition, and Petitioner filed a response to the reply. For the reasons discussed below, the Court GRANTS the motion to dismiss.

BACKGROUND

According to the allegations in the petition, on May 21, 1998, a jury found Petitioner guilty of second degree murder with use of a deadly weapon. Petitioner was sentenced to fifteen years

---

[1] Respondent requests that Warden Gloria Henry replace former Warden Tina Hornbeak as Respondent in this case. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, the Court GRANTS this request. The Clerk of the Court is directed to substitute Gloria Henry as Respondent in this action.

[2] On July 31, 2007, Petitioner filed an "Opposition to Respondent's Motion to Dismiss Petition for a Writ of Habeas Corpus as Untimely" (docket no. 22). On that same date, Petitioner filed another document entitled, "Motion to Request Court's Review of Possible Delayed Petition for a Writ of Habeas Corpus" (docket no. 24), in which Petitioner lists multiple factors that she alleges entitle her to equitable tolling. Therefore, the Court DENIES the motion (docket no. 24) as unnecessary and construes it as a supplement to the opposition.

to life with a consecutive sentence of three years for gun use.

On October 20, 1999, the California Court of Appeal affirmed the judgment and conviction. (Resp't Ex. 2.) On January 13, 2000, the California Supreme Court denied the petition for review. (Resp't Ex. 3.)

Petitioner received a copy of the trial record from her appellate counsel by February 7, 2000. (Resp't Ex. 4.)

In September, 2000, Petitioner filed her first federal habeas action in this Court. See McCaffrey v. Middleton, Case No. C 00-3483 CW (PR).[3] Petitioner filed a request for appointment of counsel and an extension of time in which to file her federal habeas petition until March 30, 2001. Petitioner claimed that she had been unable to exhaust her state remedies as to additional claims due to complications in receiving a copy of her trial record. On November 28, 2000, the Honorable Charles A. Legge of this Court denied her requests, dismissed the action, and ordered the file closed. The Court advised Petitioner that the limitations period began to run on the date of expiration of the ninety-day period in which to petition for certiorari in the United States Supreme Court. The Court also advised Petitioner that she could be eligible for statutory and equitable tolling. However, the Court noted that whether Petitioner would be unable to meet the one-year deadline and whether tolling would apply was "a matter of speculation not yet ripe for this court's review." (Nov. 28, 2000 Order in Case No. C 00-3483 CW (PR) at 2.) The

[3] Petitioner's last name is spelled McCaffery. The Court notes that the Clerk misspelled her name as "McCaffrey" in Case No. C 00-3483.

**United States District Court**
For the Northern District of California

Court added, "[W]hether petitioner may be entitled to equitable tolling due to extraordinary circumstances beyond her control is a question that can be answered only when the issue of untimeliness is squarely before the court." (Id.)

In October and November, 2000, the Alameda County Superior Court denied Petitioner's ex parte motions for copies of the trial record; specifically, she asked for People's Trial Exhibits 11 and 13 and for extra-record jury information. (Resp't Ex. 5; Pet. at 4-5.) Petitioner states that she needed the information to assist her in determining if "jurors experimented with [the] handgun beyond the scope of trial discovery." (Pet. at 5.)

On January 16, 2003, Petitioner filed a petition for a writ of mandate requesting the public defender to produce portions of her trial record, which Petitioner allegedly had lost in a house fire in September, 1999. (Resp't Ex. 6, 10.) On May 30, 2003, the Alameda County Superior Court denied her petition. (Resp't Ex. 6.)

On August 4, 2003, Petitioner obtained a copy of her trial record through a copy service hired by a relative. (Resp't Ex. 7, 10.)

On December 31, 2003,[4] Petitioner mailed a state habeas

---

[4] A pro se federal or state habeas petition is deemed filed on the date it is delivered to prison authorities for mailing. See Saffold v. Newland, 250 F.3d 1262, 1268 (9th Cir. 2001), vacated and remanded on other grounds, Carey v. Saffold, 536 U.S. 214 (2002) (holding that a federal or state habeas petition is deemed filed on the date the prisoner submits it to prison authorities for filing, rather than the date it is received by the courts). December 31, 2003 is the date her state habeas petition was signed and the earliest date that the petition could have been delivered to prison authorities for mailing. The Court assumes for the purposes of this discussion that the petition was delivered to prison authorities on that date.

petition to the California Court of Appeal seeking recall of the remittitur in the prior appeal and reissuance of the opinion so that she could petition for certiorari in the United States Supreme Court. The appellate court denied the petition without comment on February 13, 2004. (Resp't Ex. 8.) On March 3, 2004, Petitioner filed a similar petition in the California Supreme Court, which was also denied without comment on December 15, 2004. (Resp't Ex. 9.)

On July 6, 2004, Petition filed a habeas corpus petition challenging her conviction in the California Court of Appeal. On August 16, 2004, the appellate court summarily denied the petition with a statement that Petitioner should first seek relief in the Alameda County Superior Court, citing In re Hillery, 202 Cal. App. 2d 293 (1962). (Resp't Ex. 10.) Petitioner filed the habeas petition in the superior court on September 24, 2004. (Resp't Ex. 11.) She also filed her explanation for delay, statement of facts, and motions for judicial notice, augmentation of the record and an evidentiary hearing. The superior court on October 22, 2004 denied the petition as untimely and lacking a prima facie case. (Resp't Ex. 12.) Petitioner filed a petition in the California Court of Appeal which denied it without comment on February 2, 2005. (Resp't Ex. 13.) Petitioner filed a petition in the California Supreme Court on March 29, 2005, and it was denied without comment on April 19, 2006. (Resp't Ex. 14.)

Meanwhile, on February 17, 2005, Petitioner filed her second habeas corpus action in this Court, alleging ineffective assistance of appellate counsel and seeking to compel the state appellate court to recall the remittitur so that Petitioner could

seek certiorari in the United States Supreme Court. Separately, she sought advice on her ability to amend her federal petition with further claims. In an Order dated July 20, 2005, the Court noted that the federal petition appeared unexhausted in light of the pending state habeas proceedings, and dismissed it with leave to amend to clarify the nature and status of the claims Petitioner sought to raise in federal court. (July 20, 2005 Order in Case No. C 05-0733 CW (PR) at 16.) When Petitioner did not amend her federal petition, the Court in an Order and Judgment of December 1, 2005, dismissed the petition without prejudice as unexhausted and without further leave to amend. The Order advised Petitioner that she could either file a new action and seek a stay while she continued to exhaust state remedies on her claims, or else await exhaustion on all claims before filing a new federal action. The Court specifically declined to offer an opinion as to which option Petitioner should choose or whether any future federal petition would be timely.

She filed the present federal habeas petition -- her third federal habeas action -- on June 10, 2006.[5]

DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which became law on April 24, 1996, imposed a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-

---

[5] June 10, 2006 is the date Petitioner's federal habeas petition was signed and the earliest date that the petition could have been delivered to prison authorities for mailing; therefore, it will be deemed filed on that date. See Saffold, 250 F.3d at 1268.

capital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. See 28 U.S.C. § 2244(d)(1).

A state prisoner with a conviction finalized after April 24, 1996, such as Petitioner, ordinarily must file her federal habeas petition within one year of the date her process of direct review came to an end. See Calderon v. United States District Court (Beeler), 128 F.3d 1283, 1286 (9th Cir. 1997), overruled in part on other grounds by Calderon v. United States District Court (Kelly), 163 F.3d 530 (9th Cir. 1998) (en banc).

The one-year period generally will run from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). "Direct review" includes the ninety-day period during which a criminal appellant can file a petition for a writ of certiorari from the United States Supreme Court, whether she actually files such a petition or not. Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999).

In the present case, the California Supreme Court denied review on January 13, 2000. The judgment became final for

purposes of the AEDPA statute of limitations ninety days later, on April 12, 2000. See id. The one-year limitations period, therefore, began to run on that date. Accordingly, Petitioner had until April 12, 2001 to file the instant petition. See 28 U.S.C. § 2244(d). Therefore, the instant federal habeas petition filed on June 10, 2006, more than five years after the limitations period had expired, is untimely absent tolling.

I. Statutory Tolling

The petition may nonetheless be timely if the limitations period was tolled under 28 U.S.C. § 2244(d)(2) for a substantial period of time. AEDPA's one-year limitations period is tolled under § 2244(d)(2) for the "'time during which a properly filed application for State post-conviction or other collateral review [with respect to the pertinent judgment or claim] is pending.'" Dictado v. Ducharme, 244 F.3d 724, 726 (9th Cir. 2001) (quoting 28 U.S.C. § 2244 (d)(2)). In Carey v. Saffold, 536 U.S. 214, 223 (2002), the Supreme Court held that the limitations period is also tolled during the time between a lower state court's decision and the filing of a notice of appeal to a higher state court. In California, where prisoners generally use the State's "'original writ' system," this means that the limitations period remains tolled during the intervals between a state court's disposition of an original state habeas petition and the filing of a further original state habeas petition in a higher court, provided the prisoner did not delay unreasonably in seeking review in the

higher court. See id. at 220-25.[6]

In the present case, Petitioner's first state habeas petition was deemed filed on December 31, 2003, which was almost four years after the California Supreme Court denied her petition for review on direct appeal. It also was almost three years after the April 12, 2001 deadline for filing her federal habeas corpus petition. Because the state habeas petition was filed after the one-year statute of limitations had expired, the time it was pending in state court cannot serve to toll the statute. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003). For the same reason, Petitioner is not entitled to tolling of the period during which she filed her second round of state habeas petitions, beginning with her petition in the California Court of Appeal filed on July 6, 2004.

Petitioner claims that she is entitled to tolling under § 2244(d)(2) for various filings she made in the state courts before she filed the state habeas petitions. However, none of the pleadings she filed constitutes "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim." 28 U.S.C. § 2244(d)(2). For example, Petitioner's filings in state superior court, including her motions for copies of the trial record in 2000 and her

---

[6] In California, the supreme court, intermediate courts of appeal, and superior courts all have original habeas corpus jurisdiction. Nino v. Galaza, 183 F.3d 1003, 1006 n.2 (9th Cir. 1999). Although a superior court order denying habeas corpus relief is non-appealable, a state prisoner may file a new habeas corpus petition in the court of appeal. Id. If the court of appeal denies relief, the petitioner may seek review in the California Supreme Court by way of a petition for review, or may instead file an original habeas petition in the supreme court. Id. at 1006 n.3.

petition for a writ of mandate to compel the public defender to provide her a copy of the trial record in 2003, did not toll the limitations period because they did not constitute a challenge to Petitioner's conviction. See Hodge v. Greiner, 269 F.3d 104, 107 (2d Cir. 2001) (requests for discovery of evidentiary materials upon which to base petition for post-conviction relief did not constitute an application for state post-conviction relief and did not toll limitations period); see also Woodford v. Garceau, 538 U.S. 202, 210 (2003) (request for counsel in capital case is not equivalent to an actual habeas petition for purpose of determining whether AEDPA applies). Therefore, the limitations period will not be tolled based on these state court filings.

That Petitioner filed two federal habeas actions in this Court does not compel a different result. It is well-established that an application for federal habeas review is not an "application for State post-conviction or other collateral review" within the meaning of § 2244(d)(2). Duncan v. Walker, 533 U.S. 167, 180-81 (2001). Furthermore, Petitioner's first habeas action in 2000 consisted of a request for appointment of counsel and for an extension of time in which to file a federal petition; therefore, it was not a "pending" case for habeas corpus relief. See Woodford, 538 U.S. at 210. Petitioner filed her second federal habeas petition in 2005, after the limitations period had expired; therefore, the time it was pending cannot serve to toll the statute.[7] See Ferguson, 321 F.3d at 823. Therefore, the

[7] The Court finds that the present petition does not relate back to Petitioner's second federal habeas action, which was dismissed without prejudice as unexhausted. See Rasberry v. Garcia, 448 F.3d

United States District Court
For the Northern District of California

limitations period was not tolled for the periods during which Petitioner's first and second federal habeas actions were pending in this Court.

Accordingly, statutory tolling is not sufficient to overcome the time bar to Petitioner's federal petition.

II. Equitable Tolling

The one-year limitations period can be equitably tolled because § 2244(d) is a statute of limitations and not a jurisdictional bar. Beeler, 128 F.3d at 1288. Equitable tolling is unavailable in most cases, because it is applied only if "extraordinary circumstances beyond [a] prisoner's control make it impossible to file a petition on time." Id. (citation and internal quotation marks omitted). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). The petitioner must show that the "extraordinary circumstances" were the cause of her untimeliness. Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003) (citations omitted). The petitioner bears the burden of showing that this "extraordinary exclusion" should apply to her. Miranda v. Castro,

---

1150, 1155 (9th Cir. 2006) (petition that has been dismissed without prejudice no longer pending within meaning of relation-back doctrine); see also Warren v. Garvin, 219 F.3d 111, 114 (2d Cir. 2000) (relation-back doctrine inapplicable when initial habeas petition was dismissed because there is no pleading to which to relate back); Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000) (holding that habeas petition filed after previous petition has been dismissed without prejudice for failure to exhaust state remedies does not relate back to earlier petition). Even if relation back did apply, the February 17, 2005 federal habeas petition was untimely because it was filed after April 12, 2001 deadline had passed.

United States District Court
For the Northern District of California

292 F.3d 1063, 1065 (9th Cir. 2002). The threshold to meet the burden for equitable tolling under AEDPA is a high one. Id. at 1066.

In Laws v. Lamarque, the Ninth Circuit reversed the district court's order granting a motion to dismiss because it failed to develop the record in response to Law's claim of mental incompetency. 351 F.3d 919, 924 (9th Cir. 2003). The Ninth Circuit found that the allegations of the verified state petition attached to Law's traverse, stating that he was "deprived [] of any kind of cons[ci]ousness" during the period when his petitions should have been filed, may be treated as an affidavit in opposition to the motion to dismiss. Id. (citing McElyea v. Babbitt, 833 F.2d 196, 197-98 (9th Cir. 1987)). The Ninth Circuit determined that a district court should not require the petitioner to "carry a burden of persuasion" at the time he asserts equitable tolling to merit further investigation into the merits of his arguments for tolling. Id. at 924. Instead, Ninth Circuit cases require only that there be "circumstances consistent with [the] petitioner's petition . . . under which he would be entitled to . . . equitable tolling" to trigger further factual development of the record. Id. (citing Whalem/Hunt v. Early, 233 F.3d 1146, 1148 (9th Cir. 2000) (en banc) (remanding case to district court for development of facts concerning whether AEDPA materials were unavailable in the prison law library and the legal significance of such a finding)). The Ninth Circuit found that the district court erred in granting judgment against Laws based upon the papers before it and that "[i]t [was] enough that Laws 'alleged mental competency' in a verified pleading." Laws, 351 F.3d at 924

(citations omitted). Therefore, the Ninth Circuit held that Laws was entitled to further factual development or an evidentiary hearing on the issue of whether he was precluded from filing his petition by reason of mental impairment. Id.

In the present case, Petitioner has listed several "factors" that she alleges "contributed to [her] delay in filing of petition for a writ of habeas corpus." (Supp. to Opp'n at 1-6.) However, Petitioner has not shown that equitable tolling should apply to her. That is, she alleges no facts which show that her failure to raise her claims prior to the expiration of the limitations period was because of circumstances which were beyond her control and which made it impossible to file a timely federal petition. Petitioner's allegations do not show a causal connection between the factors she lists and her inability to file a timely federal habeas application. The record in this case is adequate to allow the Court to evaluate the strength of Petitioner's claim of factors that entitle her to equitable tolling. Cf. id. (finding the record "patently inadequate" and that more factual development was required to allow the court to evaluate the strength of Laws's claim of mental incompetency).

Petitioner claims that she is "a layperson unfamiliar with criminal law, court rules and procedures, and research/preparation of significant amount of meritorious claims which are manifested in the magnitude of habeas corpus." (Supp. to Opp'n at 1-2.) However, her alleged ignorance of the law and layman status do not amount to extraordinary circumstances. A pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary

circumstance warranting equitable tolling. Rasberry, 448 F.3d at 1154; cf. Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 909 (9th Cir. 1986) (illiteracy of pro se petitioner not sufficient cause to avoid procedural bar); Cantu-Tzin v. Johnson, 162 F.3d 295, 299-300 (5th Cir. 1998) (pro se status during state habeas proceedings did not justify equitable tolling); United States v. Flores, 981 F.2d 231, 236 (5th Cir. 1993) (pro se status, illiteracy, deafness and lack of legal training not external factors excusing abuse of the writ). Accordingly, Petitioner is not entitled to tolling based on her ignorance of the law.

Petitioner asserts that she "had difficulty in obtaining copies of her trial attorney [sic] case file." (Supp. to Opp'n at 2.) As mentioned above, Petitioner alleges that she lost portions of her trial record in a house fire in September, 1999. After being unsuccessful at litigation to have those portions of the public defender's trial record reproduced at the public's expense, Petitioner eventually copied her trial record at her family's expense in 2003. The Court finds that Petitioner has failed to show that the "extraordinary circumstances" exception to the statute of limitations applies to her because the delay in obtaining her trial record was not a circumstance beyond Petitioner's control. Petitioner could have had her trial record copied at an earlier date. Thus, Petitioner did not exercise reasonable diligence. Furthermore, Petitioner received copies of the trial record from her appellate counsel by February 7, 2000, before the statute ran. (Resp't Ex. 4.) Therefore, the Court finds that Petitioner fails to show that "extraordinary

circumstances," instead of her own delay in making copies of the trial record, made it impossible for her to file a timely federal petition, particularly when she had the record on appeal in her possession. See Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000) (if the petitioner has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken); cf. Gassler v. Bruton, 255 F.3d 492, 495 (8th Cir. 2001) (rejecting equitable tolling based on delay in receiving trial transcripts because possession of trial transcript is not a condition precedent to filing for post-conviction relief; a petition seeking collateral relief could have been filed, following which, if necessary for decision of the issues raised, the court could have ordered production of the transcript). Therefore, the Court finds that Petitioner's claim that she had difficulty in obtaining copies of her trial record does not entitle her to equitable tolling.

Finally, Petitioner asserts that her appellate counsel ineffectively argued her claims on direct appeal. Petitioner fails to show how her appellate attorney's alleged ineffectiveness prevented her from filing a timely federal petition. Therefore, Petitioner is not entitled to equitable tolling based on her appellate attorney's ineffectiveness. Cf. Spitsyn, 345 F.3d at 800-01 (equitable tolling appropriate where attorney was retained to file and prepare petition, failed to do so, and disregarded requests to return files pertaining to petitioner's case until well after the date the petition was due; remanding on issue of whether petitioner exercised reasonable diligence).

United States District Court
For the Northern District of California

Accordingly, the limitations period will not be equitably tolled. Therefore, the petition is DISMISSED because it was not timely filed under 28 U.S.C. § 2244(d)(1).

CONCLUSION

For the foregoing reasons,

1. Respondent's motion to dismiss the petition as untimely is GRANTED; the petition hereby is DISMISSED with prejudice.

2. The Clerk of the Court shall enter judgment, terminate all remaining motions, and close the file.

3. This Order terminates Docket nos. 20 and 24.

IT IS SO ORDERED.

DATED: 3/28/08



CLAUDIA WILKEN
United States District Judge

United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

PAMELA C. MCCAFFERY,

Plaintiff,

v.

GLORIA HENRY et al,

Defendant.

Case Number: CV06-03832 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 28, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Laurence K. Sullivan
Office of Attorney General
455 Golden Gate Ave., Suite 11000
San Francisco, CA 94102-7004

Pamela C. McCaffery W74990
C1-28-4L
Valley State Prison for Women
P.O. Box 96
Chowchilla, CA 93610-0096

Dated: March 28, 2008

Richard W. Wieking, Clerk
By: Sheilah Cahill, Deputy Clerk